IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00214-WJM-KLM

MARY QUINTANA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
PAUL PAZEN, Police Chief, in his individual and official capacities,
JUSTIN DODGE, in his individual and official capacities,
RICHARD EBERHARTER, in his individual and official capacities,
BRENT KOHLS, in his individual and official capacities,
MARDIE PEREZ, in her individual and official capacities, and
MYRON ALEXANDER, in his individual and official capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery** [#26][1] (the "Motion"). Plaintiff filed a Response [#31] in opposition to the Motion, and Defendants filed a Reply [#36]. Defendants ask the Court to stay discovery in this case until after Defendants' Motion to Dismiss [#24], currently pending before the District Judge, is resolved. All of the individual Defendants in this action are identified, in part, in their personal capacities, and each asserts a qualified immunity defense to Plaintiff's claims against them asserted under 42 U.S.C. § 1983 for the alleged violation of her civil rights.

---

[1] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

*See Am. Compl.* [#21]. If granted in full, the Motion to Dismiss [#24] would dispose of all claims asserted against all Defendants.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (stating that "the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2

(D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

## A.  Plaintiff's Interest and Potential Prejudice

The first factor concerns the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. The Court here independently addresses Plaintiff's argument regarding the Colorado Governmental Immunities Act ("CGIA"), which presents a separate issue from the constitutional claims because its resolution hinges on a Rule 12(b)(1) subject matter jurisdiction analysis. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003) (stating that a Rule 12(b)(1) motion may go beyond the allegations of the complaint and challenge facts upon which subject matter jurisdiction depends).

### 1.  CGIA

"Governmental immunity raises a jurisdictional issue." *Weise v. Colorado Springs, Colorado*, No. 17-cv-02696-PAB-NYW, 2018 WL 1640254, at *5 (D. Colo. Apr. 5, 2018) (quoting *Springer v. City and County of Denver*, 13 P.3d 794, 798 (Colo. 2000)). The CGIA states that "[a] public employee shall be immune from liability in any claim for injury . . . which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing injury was willful and wanton . . . ." Colo. Rev. Stat. § 24–10–118(2)(a). The CGIA covers "all the circumstances under which the state, any of its political subdivisions, or the public employees of such public entities may be liable in actions which lie in tort." Colo. Rev. Stat. § 24–10–102. If applicable, the CGIA

confers immunity on defendants, unless the defendants' conduct was willful and wanton. *Weise*, 2018 WL 1640254, at *5 (citing *Middleton v. Hartman*, 45 P.3d 721, 728 (Colo. 2002) (stating that "the state is not liable for its employees' willful and wanton conduct"); *Gray v. Univ. of Colo. Hosp. Auth.*, 284 P.3d 191, 197 (Colo. App. 2012) (stating that "the sovereign immunity of public entities is not waived if their employees' acts or omissions are willful and wanton.")).

The Colorado Supreme Court has stated that a trial court should not proceed with a tort claim until it satisfies itself that the defendants acted willfully and wantonly, thereby confirming that those defendants are not entitled to sovereign immunity. *Weise*, 2018 WL 1640254, at *5 (citing *Martinez v. Estate of Bleck*, 379 P.3d 315, 322 (Colo. 2016) (holding that "the trial court erred when it failed to determine whether [the defendant's] conduct was willful and wanton[;] [i]nstead, it determined that [the plaintiff] had sufficiently pled that [the defendant] acted in a willful and wanton manner, and that the ultimate determination of whether he in fact acted willfully and wantonly had to be left to trial")).

Defendants summarize the CGIA issue as follows: "the only issue related to the assertion of sovereign immunity is whether the named Defendants acted willfully and wantonly when they deployed gas canisters encased in burn boxes to extricate Joseph Quintana from the house in which he had been barricaded for hours and from which he was shooting at police officers." *Reply* [#36] at 4. Plaintiff states that she "should be allowed to discover what materials Defendants had from the manufacturer [of the canisters] that would allow them to disregard the manufacturer's warning." *Response* [#31] at 10. Thus, this case differs from *Weise v. Colorado Springs, Colorado*, 2018 WL 1640254, at *6, where the Court denied imposing a stay of discovery connected to CGIA claims because,

"significant to the precise inquiry at issue here, [the plaintiff did] not describe the discovery she requires to demonstrate the willful and wanton conduct." The Court finds that this limited discovery is a reasonable request in light of the legal authority underlying the CGIA, and that this portion of the first factor weighs heavily against staying discovery as to issues relating to the CGIA. *See* Colo. Rev. Stat. § 24–10–108 (stating that, when the issue of governmental immunity is raised, "the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion").

### 2. Constitutional Claims

In short, Plaintiff argues here that she is entitled to conduct limited discovery because contested factual assertions exist regarding qualified immunity. *Response* [#31] at 3; *see also id.* at 5 ("To deny Plaintiff the right to conduct limited discovery in light of the contravening fact issues related to qualified immunity would be unfairly prejudicial."). In so arguing, Plaintiff discusses not only the allegations of her Amended Complaint [#21] but also various Declarations submitted by Defendants in support of their Motion to Dismiss [#24]. *Response* [#31] at 3-9; *see also id.* at 7 (stating that the limited discovery requested by Plaintiff "strikes at the heart of Defendants' qualified immunity claims, particularly since there are disputed fact issues").

The Motion to Dismiss [#24] is pending before the District Judge, and the undersigned does not presume to decide here what the District Judge will or will not consider in connection with his adjudication of that motion. However, qualified immunity is typically an issue determined under Rule 12(b)(6), and the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four

corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted); see also *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Thus, it appears to be inconsequential that Defendants may be attempting to raise factual disputes in connection with their qualified immunity argument in Motion to Dismiss [#24], given that the Court is typically limited to the four corners of the complaint when determining such issues. Plaintiff has not adequately explained here, for purposes of the Motion to Stay [#26], how obtaining the discovery she seeks would be meaningful to resolution of the Motion to Dismiss. Thus, it appears that no discovery is necessary for resolution of the Motion to Dismiss [#24] insofar as it relates to Rule 12(b)(6) and qualified immunity issues.

Plaintiff further summarily states that she "has an interest in proceeding expeditiously in this matter." *Response* [#31] at 10. She also summarily states that "[g]ranting a stay pending resolution of Defendants' Motion to Dismiss, 'could substantially delay the ultimate resolution of the matter, with injurious consequences.'" *Id.* (quoting *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D.

Colo. Mar 2, 2007)). However, she does not elaborate either on her interest in proceeding expeditiously or on the "injurious consequences" she may incur if a stay is imposed. Nevertheless, despite Plaintiff's reliance on these purely conclusory statements, the Court gives her the benefit of the doubt with respect to these two issues. Based on the considerations she expresses, the Court finds that the first *String Cheese Incident* factor weighs slightly against staying discovery as to the constitutional claims.

**B.     Burden on Defendants of Proceeding**

   **1.     CGIA**

Defendants argue that, if discovery as to the CGIA issue is permitted at all, it should be restricted to solely to "whether the named Defendants acted willfully and wantonly when they deployed gas canisters encased in burn boxes to extricate Joseph Quintana from the house in which he had been barricaded for hours and from which he was shooting at police officers." *Reply* [#36] at 4. Defendants do not explicitly argue that this limited discovery would be a heavy burden on them.

Defendants do argue that the Court would lose jurisdiction over the state law claims if the constitutional claims are dismissed, and therefore the Court should wait to determine whether any discovery regarding the CGIA should be permitted until the constitutional claims are resolved. *Reply* [#36] at 4. The Court is unpersuaded by this argument for two reasons. First, the Court declines to "pre-judge" the merits of Defendants' arguments made in the Motion to Dismiss [#24], even to reach a preliminary conclusion that the motion may be granted, especially given that the Motion to Dismiss [#24] is pending before the District Judge and not the undersigned. Second, in the Motion to Dismiss [#24], Defendants raised the issue of dismissal both as to the constitutional claims and as to the claims governed by

the CGIA, and specifically on the "willful and wanton" requirement of the CGIA, and therefore the issue of whether those claims should be dismissed is directly before the Court and must be properly teed up for resolution through the limited discovery requested by Plaintiff. Thus, the Court finds that second factor weighs against staying discovery relating to the claims governed by the CGIA.

### 2. Constitutional Claims

With regard to the constitutional claims, the Court finds that Defendants have generally demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (citations omitted). Here, six of the Defendants have asserted this defense because they are government officials, Plaintiff seeks (in part) damages, and the claims asserted against these Defendants is (in part) in their individual capacities. *Am. Compl.* [#21]. Plaintiff argues that, because Defendant City and County of Denver cannot claim qualified immunity, Plaintiff "should not be prohibited from seeking discovery from the municipal entity." *Response* [#31] at 10. However, the United States Supreme Court has discouraged partial stays of discovery in situations like the one presented here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to

participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery as to all issues unrelated to the CGIA.

**C.   Convenience to the Court**

With regard to the third factor, Plaintiff asserts that "the certainty of resolving the immunity questions and the ability for the Court to appropriately frame discovery and assist the parties with any discovery disputes does not a favor a stay." *Response* [#31] at 10. Of course, entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable. Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally. *See* WJM Revised Practice Standards §§ II.D, III.D, III.E  (Dec. 1, 2019).

Defendants assert that "the convenience of the Court would be served by a stay of discovery" and that, "[a]lthough this District generally disfavors complete stays of discovery, the potential of disposing of an entire case on a motion prevents the Court from devoting its resources to a matter that will ultimately be dismissed." *Motion* [#26] at 5. If the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and

discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion. Thus, it is often more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). In light of these competing considerations, the Court finds that, on balance, this factor is neutral.

**D.    Interest of Nonparties**

With regard to the fourth factor, Plaintiff states that her claims "implicate discovery of information involving actions beyond the events of January 27, 2019, and individuals not a party to this suit, such as the Denver Fire Department." *Response* [#31] at 11. Plaintiff does not further illuminate this statement and certainly has not explained why the Denver Fire Department or other nonparties have any significant particularized interests in either staying or proceeding with discovery. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2. Accordingly, the Court finds that this factor is neutral.

**E.    Public Interest**

With regard to the fifth and final factor, Defendants assert that the public interest is served by a stay on discovery in this action because discovery "would embroil the individual Defendants and other public officials in distracting depositions and written discovery." *Motion* [#26] at 6. Defendant further states that "[t]he public interest is served by preventing these public officials from diverting valuable time and resources that might otherwise be directed toward their public duties." *Id.* (citing *Osei v. Brooks*, 2011 WL

3036744, at *3 (finding that a stay of discovery serves the public interest where qualified immunity is asserted because "the purpose of qualified immunity is to shield public officials from distracting discovery that disrupts effective government and negatively impacts their job performance")). Plaintiff states that "the implications of Defendants' action have a broad potential impact upon the public, and the public has a general interest "in the expeditious resolution of civil matters and the efficient use of judicial resources." *Response* [#31] at 11 (quoting *Sanchez v. City and County of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *4 (D. Colo. Feb. 26, 2020)).

The Court is not persuaded that stays in section 1983 cases are contrary to the public interest because they may, for example, delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, despite these competing interests, the Court finds that the fifth *String Cheese Incident* factor weighs slightly in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#24] is appropriate, except as to limited discovery concerning sovereign immunity and the CGIA. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#26] is **GRANTED in part** to the

extent that all discovery is **stayed** pending resolution of Defendants' Motion to Dismiss [#24] **except** discovery relating to the CGIA sovereign immunity issue.

IT IS FURTHER **ORDERED** that the discovery cut-off regarding the CGIA sovereign immunity issue is **August 7, 2020**. This discovery shall be limited to the issues of "what materials Defendants had from the manufacturer that would allow them to disregard the manufacturer's warning," *Response* [#31] at 10, and "whether the named Defendants acted willfully and wantonly when they deployed gas canisters encased in burn boxes to extricate Joseph Quintana from the house in which he had been barricaded for hours and from which he was shooting at police officers," *Reply* [#36] at 4.

IT IS FURTHER **ORDERED** that Plaintiff's deadline to file a Response to Defendants' Motion to Dismiss [#24] is extended to **August 21, 2020**. *See Minute Order* [#40] (stating that Plaintiff's deadline to file a Response to the Motion to Dismiss [#24] would be reset after the Motion to Stay [#26] was resolved). Defendants may file a Reply in accordance with D.C.COLO.LCivR 7.1(d).

DATED: June 26, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge