IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0214-WJM-KLM

MARY QUINTANA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
JUSTIN DODGE, in his individual capacity, and
RICHARD EBERHARTER, in his individual capacity,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

---

This civil rights action arises out of an armed standoff between Plaintiff Mary Quintana's son and Denver Police Department ("DPD") officers, which resulted in two officers being shot and Plaintiff's house being burned down. (ECF No. 21.)

In her First Amended Complaint and Jury Demand, Quintana raised claims for negligence, negligence per se, and, pursuant to 42 U.S.C. § 1983, claims for unlawful seizure under the Fourth Amendment, due process/excessive force under the Fourteenth Amendment, and failure to train and supervise. (ECF No. 21.) Defendants subsequently moved to dismiss the entirety of the First Amended Complaint ("Motion to Dismiss"). (ECF No. 24.)

On January 22, 2021, the Court issued the Order Granting in Part and Denying In Part Defendants' Motion to Dismiss the Amended Complaint ("Prior Order"). (ECF No. 75.) Specifically, the Court: (1) denied the Motion to Dismiss as to Plaintiff's claims for

negligence and negligence per se against Dodge and Eberharter; (2) dismissed without prejudice the Fourth Amendment claim based on Defendants' detention of Plaintiff; (3) dismissed Plaintiff's Fourth Amendment unlawful seizure of the Residence claim against Pazen, Dodge, Eberharter, and Kohls with prejudice based on Plaintiff's failure to overcome the defense of qualified immunity and dismissed the claim against the City & County of Denver ("Denver") without prejudice; (4) dismissed Plaintiff's Fourteenth Amendment due process/excessive force claim against all Defendants without prejudice; and (5) dismissed Plaintiff's failure to train and supervise claim against Denver without prejudice. (*Id.*) The Court presumes familiarity with the factual background of this case, as well as the contents of the Prior Order.

This matter is now before the Court on Plaintiff's Motion for Leave to Amend Complaint ("Motion"), filed on February 23, 2021. (ECF No. 82.) For the reasons stated below, the Motion is granted in part and denied in part.

## I. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "[T]he grant or denial of an opportunity to amend is within the discretion" of the Court, but an "outright refusal to grant the leave without any justifying reason" is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Proposed amendments are futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

## II. ANALYSIS

In the Motion, Plaintiff requests leave to file a Second Amended Complaint that reasserts, pursuant to § 1983: (1) a Fourth Amendment claim for unlawful seizure of the Residence[1] against Pazen, Dodge, and Eberharter (collectively, the "Individual Defendants") and Denver; (2) a Fourteenth Amendment claim for due process/excessive force against Denver and the Individual Defendants; (3) a failure to train and supervise claim against Denver.[2] (ECF No. 82.) Defendants oppose amendment, arguing that amendment is futile. (ECF No. 83.)

The Court will consider each of Plaintiff's proposed amendments to determine whether amendment is futile.

---

[1] The Court will use the defined terms as set forth in the Prior Order. (ECF No. 75.)

[2] The Court also notes that Plaintiff has dropped Kohls from her negligence and negligence per se claims. (*See* ECF No. 82-1 at 24–26.)

3

### A. Claims Against the Individual Officers

#### 1. Official Capacity Claims

In the Prior Order, the Court reasoned that because Plaintiff has named Denver in each of the constitutional claims brought against the Individual Defendants under § 1983, the claims against the Individual Defendants in their official capacity are duplicative of Plaintiff's claims against Denver and must be dismissed. (ECF No. 75 at 11.)

Nonetheless, Plaintiff inexplicably attempts to re-plead the official capacity claims against the Individual Defendants even though Plaintiff also asserts these same constitutional claims against Denver. (ECF No. 82-1 at 1, 28–31.) Because the official capacity claims against the Individual Defendants remain duplicative of Plaintiff's claims against Denver and are subject to dismissal, it would be futile to allow Plaintiff to reassert the official capacity claims against the Individual Defendants.

Accordingly, this portion of the Motion is denied.

#### 2. Fourth Amendment Unlawful Seizure Claim

In the Prior Order, the Court dismissed the Fourth Amendment claim against the Individual Defendants with prejudice on the basis that Plaintiff failed to demonstrate that the Individual Defendants violated a clearly established right and that, as a result, Plaintiff had not met her burden to overcome the defense of qualified immunity. (ECF No. 75 at 20.) Notwithstanding the fact that the dismissal of this claim was with prejudice, Plaintiff seeks leave to reassert this claim. (ECF No. 82-1 at 27.) Plaintiff argues that amendment is proper for two reasons.

First, Plaintiff contends that "[n]ew information received through limited discovery

demonstrates that Individual Defendants and Denver intended to seize Plaintiff's home"—namely, the fact that Plaintiff's home was surrounded by DPD officers; bearcats were placed around her home; snipers took positions on her rooftop; Denver and the Individual Defendants did not allow any persons into the home, and the Individual Defendants knew the risks of throwing flammable chemical munitions inside the home and intended to throw the flammable munitions into her home despite any risk of a fire. (ECF No. 82 at 5.)

Second, Plaintiff contends that the Individual Defendants are not entitled to qualified immunity based on the Supreme Court's recent decision in *Taylor v. Riojas*, 141 S. Ct. 52 (2020) and *McCoy v. Alamu*, 141 S. Ct. 1364 (2021). (ECF No. 82 at 10.) According to Plaintiff, "the Supreme Court is telegraphing to lower courts" through these cases "that qualified immunity should be decided on a 'reasonable officer' standard." (*Id.*)

Defendants respond that "it is undisputed that *Taylor* and *McCoy* do not alter the clearly established standard" and that these cases "have no impact on the Court's prior ruling that Plaintiff failed to show that the law was clearly established as to her 42 U.S.C. § 1983 claims." (ECF No. 83 at 4, 6.) The Court agrees.

In *Taylor*, the Supreme Court determined that the Fifth Circuit erred in granting qualified immunity to officers in an Eighth Amendment case where prisoners were housed in cells "teeming with human waste" for six days. 141 S. Ct. at 53. The Court concluded that when "[c]onfronted with the particularly egregious facts of this case, any reasonable officer should have realized that Taylor's conditions of confinement offended the Constitution" and that the case cited by the Fifth Circuit in determining that the law

was not clearly established for purposes of qualified immunity was "too dissimilar, in terms of both conditions and duration of confinement, to create any doubt about the obviousness of Taylor's right."  *Id.* at 54 & n.2.

Likewise, in *McCoy*, the Fifth Circuit determined that a correctional officer who sprayed a prisoner in the face with a chemical agent without provocation was entitled to qualified immunity because the law was not clearly established that a "single spray stepped over the *de minimis*" use of force line.  *See McCoy v. Alamu*, 950 F.3d 226, 233–34 (5th Cir. 2020).  The Court vacated and remanded *McCoy* to the Fifth Circuit "for further consideration in light of *Taylor* . . . ."  *McCoy v. Alamu*, 141 S. Ct. 1364 (2021).

Contrary to Plaintiff's assertion, the Court does not read either *Taylor* or *McCoy* as fundamentally altering the qualified immunity analysis, namely that it is a plaintiff's burden to demonstrate that the right was clearly established at the time of the conduct at issue to overcome qualified immunity.  *See Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) ("The plaintiff bears a heavy two-part burden to show, first, the defendant[s'] actions violated a constitutional or statutory right, and, second, that the right was clearly established at the time of the conduct at issue."); *Gutierrez v. Cabos*, 841 F.3d 895, 900 (10th Cir. 2016) ("In this circuit, to show that a right is clearly established, the plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.").  Instead, *Taylor* and *McCoy* appear to be in line with the Supreme Court's prior rulings that "[a] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in

6

question, even though the very action in question has not previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).[3]

Plaintiff has still failed to come forward with cases demonstrating that the "violative nature [the Individual Defendants'] particular conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Nor has she come forward with any Fourth Amendment cases that apply with obvious clarity to the specific facts of this case. Accordingly, because Plaintiff has not demonstrated that she can overcome the Individual Defendants' qualified immunity defense, the Court concludes that it would be futile to allow Plaintiff to add a Fourth Amendment claim against the Individual Defendants. This portion of the Motion is therefore denied.

3. Fourteenth Amendment Due Process / Excessive Force Claim

Plaintiff seeks leave to reassert a Fourteenth Amendment due process/excessive force claim against the Individual Defendants. (ECF No. 82-1 at 28–31.) Again, however, Plaintiff does not identify any Supreme Court case, Tenth Circuit case, or the clear authority from other courts, that demonstrates that their conduct would violate clearly established law. Because Plaintiff has not demonstrated that she can overcome the Individual Defendants' qualified immunity defense, the Court concludes it would be futile to allow Plaintiff to add a Fourteenth Amendment claim against the Individual Defendants.

Accordingly, this portion of the Motion is denied.

---

[3] The Court notes that Plaintiff relied on *Hope* in her response to the Motion to Dismiss. (ECF No. 58 at 17.) In the Prior Order, the Court already concluded that it could not say that a reasonable officer should have recognized that he would violate the Fourth Amendment by damaging a third party's property while attempting to apprehend a criminal suspect. (ECF No. 75 at 19–20.)

7

**B.     *Monell* Claims against Denver**

Plaintiff seeks to reassert the following *Monell* claims against Denver: a Fourth Amendment unlawful seizure claim, a Fourteenth Amendment claim for due process/excessive force, and a failure to train and supervise claim.

1.     Failure to Train and Supervise Claim

Under a failure to train claim, a plaintiff must ordinarily show a defendant had "actual or constructive notice that a particular omission in a [training] program caused official to violate citizens' constitutional rights" and nonetheless "made a conscious choice to retain [the] deficient training program." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A plaintiff must prove that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably said to have been deliberately indifferent to the need" for additional training. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

In the Prior Order, the Court dismissed Plaintiff's failure to train and supervise claim without prejudice on the basis that the Tenth Circuit cases cited by Plaintiff did not involve the types of flammable devices at issue in this litigation, or otherwise relate to the facts of this case, and that Plaintiff had therefore failed to allege facts giving "Denver actual or constructive notice that its particular use of flammable munitions was unlawful." (ECF No. 75 at 28–29.)

Plaintiff now seeks to reassert a failure to train and supervise claim against Denver based on, *inter alia*, allegations that Defense Technology, the manufacturer of the flammable munitions deployed in the Residence, provided Denver: (1) materials

8

warning against the use of flammable chemical munitions inside of business or structurers; and (2) training materials that contained a case study involving a lawsuit filed against another municipality for the use of its flammable chemical munitions outside of the product specifications. (ECF No. 82-1 at 16, 32.)

In response, Defendants merely argues that "[t]he state of the law is unchanged, and thus, an amendment of the Complaint would be futile." (ECF No. 83 at 7.) However, Defendants do not analyze whether Plaintiff's new allegations surrounding Defense Technology's training materials—including the case study—are sufficient to state a failure to train and supervise claim. As such, the Court finds that Defendants have effectively conceded this argument for purposes of this Motion.

Unhelpfully, Plaintiff provides few details regarding this case study; as such, the Court cannot determine at this stage whether this case study made the need for more or different training so obvious that Denver can be said to have been deliberately indifferent for the need for additional training. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Nonetheless, in light of Rule 15(b)'s liberal policy towards amendment and the fact that Defendants do not argue that Plaintiff's new allegations surrounding the training materials are insufficient to state a failure to train and supervise claim, this portion of the Motion is granted.

2. Fourth and Fourteenth Amendment Claims

Finally, Plaintiff seeks to reassert its Fourth Amendment and Fourteenth Amendment claims against Denver. (ECF No. 82-1 at 27–31.) In response, Defendants argue that because "Plaintiff cannot overcome the deficit in showing a violation of clearly established law, the Court's existing rulings as to the *Monell* claims

9

will remain unchanged." (ECF No. 83 at 7.)

However, under Tenth Circuit precedent, a *Monell* claim is not automatically subject to dismissal upon a determination that the law is not clearly established for purposes of qualified immunity. As the Tenth Circuit ruled in *Hinton v. City of Elwood, Kansas*,

> When a finding of qualified immunity is predicated on the basis that the law is not clearly established, it is indeed correct that there is nothing anomalous about allowing [a suit against a municipality] to proceed when immunity shields the individual defendants, for the availability of qualified immunity does not depend on whether a constitutional violation has occurred.

997 F.2d 774, 783 (10th Cir. 1993) (alterations incorporated & quotation marks omitted); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 697 (10th Cir. 1988) ("We note that there is no inherent inconsistency in allowing a suit alleging an unconstitutional policy or custom to proceed against the city when the individuals charged with executing the challenged policy to indure [*sic*] the plaintiff have been relieved from individual liability . . . While a government official who violates the constitution will be protected if his or her actions were reasonable in light of clearly established law . . . , the municipalities enjoy no such shield.").

Defendants do not contend that Plaintiff's proposed Second Amended Complaint does not plausibly allege constitutional violations under the Fourth or Fourteenth Amendment.[4] (*See generally* ECF No. 83.) Nor do they argue that Plaintiff has failed to plausibly allege a policy or custom giving rise to *Monell* liability. (*Id.*)

---

[4] To the contrary, Defendants assume for purposes of the Motion that Plaintiff can allege constitutional violations. (*See* ECF No. 83 at 3 ("[E]ven assuming for purposes of this Response that Plaintiff can now allege constitutional violations, she cannot overcome the remaining deficiency in showing a violation of clearly established law.").)

10

Because Defendants have failed to demonstrate that amendment as to Plaintiff's Fourth and Fourteenth Amendment claims against Denver would be futile, the Court grants this portion of the Motion.

## III. CONCLUSION

For the reasons set for above, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 82) is GRANTED IN PART and DENIED IN PART as set forth herein;

2. Plaintiff is granted leave to file a Second Amended Complaint consistent in all respects with this Order on or before **July 26, 2021**; and

3. Defendants' deadline to Answer or otherwise respond to the Second Amended Complaint will run from the date that the Second Amended Complaint is filed.

Dated this 12th day of July, 2021.

BY THE COURT:

William J. Martínez
United States District Judge